## KING v EMMONS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2324. Decided July 28, 1933

Robert N. Gorman, Cincinnati, and Arthur C. Fricke, Cincinnati, for relator.

John W. Bricker, Attorney General, Columbus, and Isadore Topper, Assistant Attorney General, Columbus, for respondents.

William E. Handley, Nathan Vigran, Thomas L. Tallentire, Alvin H. Rowe, Cincinnati, on behalf of the American Legion and the Veterans of Foreign Wars of the United States as amici curiae.

**OPINION**

By KUNKLE, J.

Under the provisions of the Code of Ohio, respondents were without authority to file such demurrer. An answer should have been filed instead of a demurrer.

Sec 12292, GC, provides:

"On the return day of an alternative writ or such further day as the court allows the defendant may answer as in a civil action; or, if the writ be allowed by a single judge he may demur."

The demurrer was filed in violation of the provisions of the code as the alternative writ was allowed not by a **single judge** but by all three of the judges of the Court of Appeals.

Under the state of the record we might be authorized to strike the demurrer from the files because the same was irregularly filed.

Instead of doing so, however, we will consider and pass upon the demurrer upon its merits.

Upon this demurrer extensive oral arguments were heard and very elaborate briefs have been filed by counsel for relator, by counsel for respondents and also by counsel representing the American Legion and the Veterans of Foreign Wars of the United States, amici curiae.

We have considered these various briefs with care. They present several new and interesting questions.

To attempt to discuss the very large number of authorities cited by respective counsel is impractical. As above stated, we have considered the leading authorities cited by respective counsel, with care, but in this opinion we shall content ourselves with merely announcing the conclusions at which we have arrived upon the different questions urged by counsel.

Is the relator entitled to the benefits granted by §§486-10, 486-13 GC, to ex-service men?

Sec 486-10, GC, provides, among other things, that,

"Any soldier, sailor, marine, member of the army nurse corps or Red Cross nurse, who has served in the army, navy or hospital service of the United States in the war of the rebellion, the war with Spain, or the war with the central powers of Europe, between the dates of April 6, 1917, and November 11, 1918, who has been honorably discharged therefrom and is a resident of Ohio, may file with the Civil Service Commission a certificate of service and honorable discharge, whereupon he shall receive additional credit given in the regular examination in which he receives a passing grade of 20% of his total credit."

However commendable the action of relator may have been in enlisting with the Canadian forces and fighting over seas with the allies, this cannot be taken into consideration in construing the statute in question.

The section of the Code above quoted limits the persons entitled to the 20% additional credit to those who served in the army, navy or hospital service of the **United States**. The language of the code is such that a court would not be justified in construing the same so as to bring the relator within the provisions of this section of the Code. Such relief must come through the Legislature and not through the courts, as the Legislature has limited the provisions of the act in question to those in the service of the United States.

Does the position in question, namely, that of the clerk in the office of the coroner of Hamilton County, come within the classified or the unclassified service.

Secs 486-1—486-31 GC define the various classifications.

Sec 486-8 GC, subdivision a, paragraph 9, provides that

"The deputies of elective or principal executive officers authorized by law to act for and in the place of their principals and holding a fiduciary relation to such principals,"

shall come within the unclassified service.

It is seriously contended that the position in question falls within the unclassified service, and that therefore the State Civil Service Commission has no control or jurisdiction over such appointees.

The duties of the appointees in question are set forth in detail in the petition and are quoted above. From a consideration of the pertinent sections of the Code and the duties of the employees in question as set forth in the Civil Service Bulletin of February 3, 1933, we are of opinion that the position of the relator falls within the classified and not the unclassified service.

We are also of opinion that it is practicable to determine the merit and fitness of applicants for the position of clerk in the office of the coroner of Hamilton County by a competitive civil service examination.

While we concede that the question is not wholly free from doubt, yet upon a careful review and consideration of the authorities cited we are of opinion that §§486-10, 486-13, GC, are not violative of §1, Article I and §10, Article XV, of the Constitution of Ohio, nor of the 14th Amendment to the Constitution of the United States.

It must be conceded that the right to appointment to a position in the public service is not a property right.

We are also of opinion that a preference in appointment in the classified service of 20% to honorably discharged soldiers is not violative of any right of citizenship guaranteed by the Constitution of Ohio or the Federal Constitution. The Legislature has the authority to recognize and to reward patriotism in the manner which it has attempted to do by the sections above quoted.

We are also of opinion that the provisions of §10, Article XV of the Constitution of Ohio which provide that appointments in the classified service shall be according to merit and fitness as determined by competitive examination in so far as practicable is not violated by the additional 20% provided by §486-10, GC. We are inclined to the opinion that the Legislature in determining fitness may recognize military service as a qualification which should be

measured in fixing the percentages which should be given various applicants.

We have considered all the grounds urged by counsel for relator and upon such consideration are of opinion that under the facts disclosed by the petition, the relator is not entitled to the relief sought.

The petition will, therefore, be dismissed.

HORNBECK, PJ, concurs.

BARNES, J, not concurring.