**SEWARD, Director, etc v STATE ex KRATT**

Ohio Appeals, 9th Dist, Lorain Co

No 699. Decided June 1, 1934

W. L. Crills, City Solicitor, Lorain, and Glitsch, Stack & Moon, Lorain, for plaintiff in error.

Meyer Gordon, Lorain, for defendant in error.

## OPINION

By FUNK, J.

Said §486-13 GC provides for original "appointments" and has to do largely with the duties of the appointing officer. The part of that section in controversy is the part that was added thereto by the amendment in 1925, and reads as follows:

"Every soldier, sailor, marine, member of the army nurse corps or Red Cross nurse who has served in the army or navy, or hospital service of the United States in the war of the rebellion, the war with Spain or the war with the central powers of Europe, between the dates of April 6, 1917, and November 11, 1918, who has been honorably discharged therefrom and is a resident of Ohio, and whose name is on the eligible list for a position shall be entitled to preference in original appointments to any such competitive position in the civil service of the state and the civil divisions thereof over all persons eligible for such appointments and standing on the list therefor with a rating equal to that of such soldier, marine, member of the army nurse corps or Red Cross nurse."

Said §486-10, GC, provides for the "examinations" of all applicants for positions by the civil service commission. The 1925 amendment of this section provides that any ex-soldier, etc., the same as are enumerated in the 1925 amendment of §486-13, GC, "who has been honorably discharged therefrom and is a resident of Ohio, may file with the civil service commission a certificate of service and honorable discharge, whereupon he shall receive an additional credit given in any regular examination in which he receives a passing grade of twenty per cent of his total grade."

Sec 486-12 GC provides how the commission shall prepare the "eligible list" of persons, and that—

"* * * such persons shall take rank upon the eligible list as candidates in the order of their relative excellence as determined by the examination without reference to priority of time of examination. In the event of two or more applicants receiving the same mark in an examination, priority in the time of application shall determine the order in which their names shall be placed on the eligible list. * * *"

Counsel for relator claims that the language used in the amendment to said §486-13, GC, made in 1925, requires the appointing officer to appoint the ex-service man when his grade is equal to or greater than the other two of the three certified by the commission to the appointing officer.

Counsel for defendant claim that the amendment added to §486-13 GC in 1925, does not mean that such preference shall be given by the appointing officer to one of the three names on the list certified to him by the commission as the three highest, but means that such preference shall be given by the commission in determining who are the three highest on the eligible list, and who are thereby entitled to be certified by the commission to the appointing officer, and that the term "original appointment," as used in said amendment, means an original appointment as distinguished from a promotional or temporary appointment.

Said counsel further claim that the words "eligible list" as used in said amendment of §486-13 GC, have reference only to the "eligible list" as defined and provided for in §486-12, GC, and have no reference to the three names certified by the commission to the appointing officer, which might properly be termed the "certified list" to distinguish it from the "eligible list," so-called; and that the language used in amending §486-13, GC, which provides for

the preference of ex-service men, etc., "over all persons eligible for such appointments and standing on the list therefor" has reference to the eligible list as prepared by the commission and not to the three names certified to the appointing officer.

In support of their position, said counsel claim that, as said §486-13 GC provides that the commission, when notified that a position is to be filled, shall certify to the appointing officer only "the names and addresses of the three candidates standing highest on the eligible list," and that, as there is nothing anywhere in the civil service law providing that the commission shall certify the grades received by such candidates or that they are honorably discharged soldiers, there is no way provided in said civil service law for the appointing officer to know what the respective grades are or who are such soldiers; that all the law provides for the appointing officer to know is the names and addresses of the three persons certified to him, and that said persons are the three highest on the eligible list, without knowing their grades; that such officer may thus appoint any one of the three regardless of which has the highest grade or whether he is such soldier; and that accordingly said amendment must apply to the eligible list as made up by the commission and which remains in its possession, and not to the three names certified by it to the appointing officer.

Counsel for defendant have filed an able and exclusive brief, and have analyzed in detail the language used in said §486-13 GC and the other sections of the civil service code bearing upon it, from their point of view, and made a splendid oral argument in support of their claim at the hearing before this court, and there seems to be some force in their argument.

While we must have in mind the fundamental principles governing the construction of statutes, referred to by counsel for defendant—such as that the various sections of a statute must be construed together so as to render the statute a consistent and harmonious whole, and, if practicable, that a statute be so construed as will render every word operative rather than given a construction which would make some words idle and nugatory—we must also have in mind the further rule that, if a statute is susceptible of more than one construction, it must be given the construction that will carry out the clear intention of the legislature if that can be done by the reasonable construction of the language used in the statute, keeping in mind that it must be construed to mean

what the language says and not what the legislature intended to say.

It should be noted that, prior to the 1925 amendment, §486-10 GC provided that an ex-service man 'did not need to take an examination; that all he needed to do was "file with the civil service commission a certificate of service and honorable discharge, whereupon his name shall be placed upon an eligible list by the commission, from which eligible list he may be appointed to any position in the civil service of the state which such appointing power may deem him qualified to fill," while the amendment of 1925 requires that the ex-service man must have a passing grade to entitle him to a place on the eligible list and to the 20% credit; and that, prior to 1925, all preference to the ex-service man was provided for in §486-10 GC. It would thus seem that, if defendant's contention is correct—i.e., that the provisions added to §486-13 GC in 1925 were intended to apply only to the commission in placing such soldier on the eligible list and not to the appointing officer—the legislature would have added such provisions to §486-10 GC or §486-12 GC, and not to §486-13 GC, and thereby put all the preferences given to ex-service men in a section where they belonged.

The mere fact that the legislature saw fit to put such provisions in the section governing the appointing officer and put the provision for the 20% credit in the section governing the commission in placing such soldier on the certified list, would indicate that it intended that the soldier should also be given preference by the appointing officer.

While it is true that there is nothing in §486-13 GC requiring the commission to give any information to the appointing officer other than the names *and addresses of the candidates, there is nothing to prevent the commission from giving information as to the grades of the candidates and as to whether any of them are honorably discharged ex-service men; and, as the commission is required to keep a record of the grades of all on the eligible list and whether or not they are such ex-service men, the appointing officer could easily obtain that information on request from the commission. Moreover, as the law requires the appointing officer to give such preference, why would it not be his duty to obtain the information necessary to make the preference, even though the law does not specifically say that the commission shall include it in its certificate in the first instance, nor say in what manner the appointing officer shall obtain such information? And why wouldn't that requirement carry with it the duty on the part of the commission to furnish it, even if not specifically so stated in the statute?

We thus see no difficulty in the appointing officer obtaining the required information to give the preference enjoined upon him.

Furthermore, if the 1925 amendment to §486-13, GC, were to be construed to apply to the "eligible list" as made up by the commission, it would be in conflict with §486-12, GC, which contains the provision that, where two or more applicants receive the same grade, priority in the time of filing the application shall determine the order in which their names shall appear on the eligible list. Hence, if the nonservice man had filed his application first, to which would the preference be given? This would require the application of some other principle of construction to be applied and make the situation still more involved.

Again, the 1925 addition to §486-13 GC can mean nothing, or at most very little, if it does not apply to the appointing authority, because if the conflict between §§486-12 and 486-13 GC, under the construction claimed by counsel for defendant, were construed in favor of the ex-service man, it could only give him a preference on the eligible list over such persons as would have a grade equal to his—whether he was at the bottom or top of the list—and thus could in any event mean very little and would not warrant or be consistent with the placing of said amendment in §486-13 GC.

We are therefore clearly of the opinion that the legislature intended that §486-13 GC, as amended in 1925, should have application to the appointing officer.

Counsel for defendant further claim that the construction placed upon said §486-13 GC by relator would take from the appointing officer all discretion in making appointments, and thereby nullify the provisions of said section giving him the right to appoint any one of the three persons certified to him as eligible for such appointment, and that such construction would make the section unconstitutional and the several provisions of the civil service code inconsistent.

The constitutionality of said §§486-13 and 486-10 GC has been definitely settled by the Supreme Court in the recent case of **State ex King v Emmons et**, (Syllabus in Ohio Bar of April 16, 1934, at page 48) **128 Oh St 216**, wherein it affirmed the Court

of Appeals of the Third District (see **15 Abs 34**, for opinion by Kunkle, J.)

We have before us an advance copy of the opinion of Judge Bevis in the State ex King v Emmons case, and while the question we have under consideration was not an issue in that case, and the court was not giving any particular construction to said sections in that case, we do not believe that, under the reasoning of Judge Bevis, the possibility of the appointing officer not having any choice, under one particular situation—i.e., where the soldier receives the highest grade in competitive examination—out of a number of possible situations, should render amendment invalid, as it will be noted that the ex-service man is entitled to such preference and appointment only in cases in which the grade of a nonservice man is equal to that of such ex-service man; and it should be noted that the case of State ex King v Emmons was decided after the court had construed said amendment in the case of **Sergeant v McSweeney, 126 Oh St 623.**

However, counsel for defendant claim that, while the Supreme Court had an opportunity to analyze and definitely construe said §486-13 **GC** in the case of Sergeant v McSweeney, it failed to do so, and based its opinion entirely upon the principle that, regardless of what list the statute referred to, the relator was not entitled to the writ of mandamus, because such writ will be issued only where "the applicant has a clear legal right thereto, and * * * the official act which he seeks to compel is one 'which the law specifically enjoins as a duty'," and that he was therefore not entitled to the writ because the statute gave no preference between the two ex-service men; consequently, that such construction, if any, as the court may have given said amendment is indefinite and can only be determined by inference from the language used in the opinion. Counsel for defendant further claim that, as the court used the term "eligible list" rather than "certified list" or some other distinguishing term in the opinion, the most reasonable inference to be drawn therefrom is that the court must have referred to the "eligible list" in the possession of the commission rather than the certified list given to the appointing power, and that therefore the court must have meant that said §486-13 GC applied to a preference that shall be given by the commission in determining the place of the ex-service man on the eligible list in its possession, and not to a preference to be given by the appointing officer from the list certified to him.

We cannot agree with that contention, although it is to be regretted that the court did not give a clear-cut construction of said section and definitely state whether the preference given by it had reference to the appointing authority, rather than leave it to be determined by inference from the language used, and from which different attorneys seem to draw different conclusions.

It will be observed that the list certified to the appointing officer necessarily consists of the three candidates, on the "eligible list" of the commission, having the highest grades, and that the "certified list" and "eligible list" are thus the same so far as the three names certified to the appointing officer are concerned; and when the court, in the Sergeant case, used the language "the appointing authority is * * * not required to appoint the ex-service man standing first on the eligible list, to the exclusion of another ex-service man on the eligible list," because the law gave no preference between them, it would seem that the only reasonable inference to be drawn from that language is that the court must have referred to the list certified to the "appointing authority," because the "appointing authority" does not know anything about the eligible list with the commission, or who are on it, until the names are certified to him by the commission; consequently, the Supreme Court must have referred to the list certified to the "appointing authority" rather than the entire eligible list with the commission.

Moreover, it will be further observed that the opinion in the Sergeant case shows that the action was against the appointing officer only; that the court had before it only the three names certified to the appointing officer and their respective grades; and that the grade of the nonservice man who was appointed was not equal to that of either of the two ex-service men. Following the part of the opinion giving that information, the court said—"The eligible list certified December 4, 1931, contained the names of these three men. * * * The relator contends that it was the duty of the respondent to appoint him to such position by reason of the provisions of §486-13, **GC.** The construction of this statute presents the only question involved in this case"—and then quoted in the opinion the part of said section added thereto by the 1925 amendment.

It is thus clear that the court did not have before it either the commission or its eligible list but only the appointing officer and the list certified to him, and, as the

court said that the construction of said §486-13 GC was the only question involved, it must have held that the amendment applied to the appointing officer and not to the commission; and, the court having since held this section to be constitutional, we see no alternative than to affirm the judgment of the Common Pleas Court on the authority of those two cases (Sergeant v McSweeney, and State ex King v Emmons) —even if our conclusions as to the intention of the legislature are wrong.

For the reasons stated, the judgment is affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.